IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 34541

| | | |
|---|---|---|
| JOHN E. EWING and NOREEN EWING, | ) | |
| | ) | |
| Plaintiffs-Appellants-Cross Respondents, | ) ) | Coeur d'Alene, April 2009 Term |
| | ) | |
| v. | ) | 2009 Opinion No. 63 |
| | ) | |
| STATE OF IDAHO, DEPARTMENT OF TRANSPORTATION, | ) ) | Filed: May 1, 2009 |
| | ) | Stephen W. Kenyon, Clerk |
| Defendant-Respondent-Cross Appellant. | ) ) ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Honorable Charles W. Hosack, District Judge.

Summary judgment order is affirmed.

Michael J. Verbillis, P.A., Coeur d'Alene, for appellants.

Lopez & Kelly, PLLC, Boise, for respondent. Michael E. Kelly argued.

_____

J. JONES, Justice

John Ewing appeals from the district court's grant of summary judgment to the Idaho Department of Transportation (ITD) on the basis of Idaho's Recreational Use Statute. Idaho Code § 36-1604. We affirm on other grounds.

**I.**

In October 2003, ITD awarded a contract to Scarsella Bros., Inc. (Scarsella) for road work to be performed on US-95, from milepost 366.593 to 373.027. The contract specifically noted that the Mineral Mountain Rest Area – the location where Ewing was injured – was "intended for use by the traveling public only." The contract further disallowed Scarsella and its subcontractors from parking private vehicles within the rest area limits. Finally, it required Scarsella to furnish separate toilet facilities for the construction workers. Scarsella subcontracted

1

with North Star Enterprises, Inc. (North Star) to perform certain portions of the contract, such as maintaining pilot car and flagging operations. North Star, in turn, hired Ewing to work as a flagger and pilot car operator.

On June 20, 2006, Ewing was taking a break at the Mineral Mountain Rest Area, which is located at milepost 371 within the construction area. The rest area is owned by ITD. As he was walking along a path toward a picnic table, Ewing stepped onto what appeared to be solid ground. However, the ground collapsed as he put his weight on it, causing him to fall and suffer injuries.

Ewing filed the present lawsuit against ITD, alleging that ITD was negligent in its maintenance of the Mineral Mountain Rest Area and in failing to warn of the latent dangerous condition on the property. ITD answered and asserted several defenses, including limited liability under the Recreational Use Statute and immunity as a statutory employer under the Worker's Compensation Act.

Ewing filed a motion for partial summary judgment, arguing that ITD was not a statutory employer. ITD responded by moving for summary judgment on three bases: (1) ITD is Ewing's statutory employer and therefore immune from third-party liability; (2) ITD owed no duty to a licensee to warn of unknown hazards;[1] and (3) ITD is protected from liability by the Recreational Use Statute. The trial court granted summary judgment to ITD because it found that ITD was protected from liability by the Recreational Use Statute. Additionally, the trial court found that ITD was not Ewing's statutory employer. Both parties appealed.

Ewing appealed to this Court arguing that the trial court erred by finding that the Recreational Use Statute applied to workers on break, and asks this Court to reverse and remand the trial court's grant of summary judgment. ITD cross-appealed and argues that the trial court erred by finding that ITD was not Ewing's statutory employer under the Worker's Compensation Act and asks this Court to affirm the trial court's order.

## II.

### A.
### Standard of Review

When reviewing an order for summary judgment, the standard of review for this Court is the same standard used by the district court in ruling on the motion. *P.O. Ventures, Inc. v.*

---

[1] The trial court found that the second argument was an issue of fact; neither party appealed the court's decision.

*Loucks Family Irrevocable Trust*, 144 Idaho 233, 237, 159 P.3d 870, 874 (2007). This Court exercises free review over the entire record that was before the district judge to determine whether either side was entitled to summary judgment. *Id.* Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Idaho R. Civ. P. 56(c).

## B.
## The District Court Erred in Holding that ITD was Not Ewing's Statutory Employer

Where an order of a lower court is correct, but based upon an erroneous theory, the order will be affirmed upon the correct theory. *Athay v. Stacey*, 146 Idaho 407, 415, 196 P.3d 325, 333 (2008). Although the lower court based its decision on the application of the Recreational Use Statute, we base our decision on the Worker's Compensation Act.

ITD argues that the trial court erred in holding that ITD was not Ewing's statutory employer. ITD asserts that it is a statutory employer. Ewing asserts that the prime contractor was not ITD, but was instead Scarsella, and therefore ITD cannot qualify as Ewing's statutory employer.

Generally, under the exclusive remedy rule, an injured employee is limited to recovery in worker's compensation and cannot sue in tort. *Fuhriman v. State*, 143 Idaho 800, 804, 153 P.3d 480, 484 (2007). I.C. § 72-223 provides an exception to this rule by allowing an injured employee to recover from third parties – even if he is also entitled to worker's compensation. *Id.* That statute, however, excludes two primary groups from third-party liability: (1) employers of contractors and subcontractors described in I.C. § 72-216[2] who have complied with I.C. § 72-301, which requires employers to secure payment of compensation; and (2) the owner or lessee of premises, or other person "who is virtually the proprietor or operator of the business there carried on." I.C. § 72-223(1). Members of these groups are referred to as statutory employers.

To determine whether a party is a statutory employer, this Court "look[s] to the previously established statutory definition of 'employer' found [at I.C. § 72-102(13)(a)]." *Fuhriman*, 143 Idaho at 804, 153 P.3d at 484 (quoting *Venters v. Sorrento Del., Inc.*, 141 Idaho

---

[2] That section provides: "An employer subject to the provisions of this law shall be liable for compensation to an employee of a contractor or subcontractor under him who has not complied with the provisions of section 72-301 in any case where such employer would have been liable for compensation if such employee had been working directly for such employer." I.C. § 72-216(1).

245, 249, 108 P.3d 392, 396 (2005)).  The statute defines "employer" as "any person who has expressly or impliedly hired or contracted the services of another."  I.C. § 72-102(13)(a).  This definition "includes contractors and subcontractors."  *Kolar v. Cassia County*, 142 Idaho 346, 352, 127 P.3d 962, 968 (2005).  Therefore, an employer who makes use of a contractor's or subcontractor's employees qualifies as a category one statutory employer and is immune from suits in tort.  *Venters*, 141 Idaho at 251, 108 P.3d at 398.

Since Ewing's employer, North Star, was a subcontractor of Scarsella, which had contracted with ITD to perform the construction work, Ewing was a statutory employee of Scarsella, as well as ITD, for work performed within the scope of the contract.  This includes his activities during his work break.  A similar situation was before us in *Kolar*, where we held that Cassia County, one of the owners of a highway system, was the statutory employer of an injured employee of a subcontractor who was working under the main construction contract.  *Kolar*, 142 Idaho at 353, 127 P.3d at 969.  Ewing was therefore a statutory employee of ITD, and is barred by the Worker's Compensation Act from suing ITD for negligence.

### III.

The trial court's order, granting summary judgment to ITD, is affirmed.  Costs to ITD.


Chief Justice EISMANN, and Justices BURDICK and HORTON, and Justice Pro Tem BRUDIE CONCUR.

4