# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44326

| | |
|---|---|
| **PERRY KRINITT,** ) | |
| ) | |
| **Plaintiff-Appellant,** ) | **Boise, June 2017 Term** |
| ) | |
| v. ) | **2017 Opinion No. 84** |
| ) | |
| **IDAHO DEPARTMENT OF FISH AND** ) | **Filed: July 11, 2017** |
| **GAME and STATE OF IDAHO,** ) | |
| ) | |
| **Defendants-Respondents.** ) | **Karel A. Lehrman, Clerk** |
| _____ | |
| **PERRY KRINITT,** ) | |
| ) | |
| **Plaintiff-Respondent,** ) | |
| ) | |
| v. ) | |
| ) | **Docket No. 44442** |
| **IDAHO DEPARTMENT OF FISH AND** ) | |
| **GAME and STATE OF IDAHO,** ) | |
| ) | |
| **Defendants-Appellants.** ) | |
| ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Lewis County. Hon. Gregory Fitzmaurice, District Judge.

District court order granting summary judgment, <u>affirmed.</u>

Carpenter Law Firm, Missoula, MT, for appellant. Charles H. Carpenter argued.

Johnson Law Group, Spokane, WA, for respondents. Peter J. Johnson argued.

_____

BURDICK, Chief Justice.

Perry Krinitt, Sr. (Krinitt) appeals the Lewis County district court's grant of summary judgment in favor of the State of Idaho and the Department of Fish and Game (IDFG). The district court ruled that IDFG was a statutory employer under the Idaho Worker's Compensation

1

Act and, consequently, IDFG was entitled to immunity from actions based on the work-related death of Perry Krinitt, Jr. (Perry). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Perry, a pilot for Leading Edge Aviation, died when the helicopter he was piloting crashed on August 31, 2010, in Kamiah, Idaho. *Krinitt v. Idaho Dep't of Fish and Game*, 159 Idaho 125, 126, 357 P.3d 850, 851 (2015). Perry was flying IDFG employees Larry Bennett and Danielle Schiff to conduct a fish survey on the Selway River. *Id.* Bennett and Schiff died in the crash as well. *Id.* at 127, 357 P.3d at 852. An investigation revealed that the accident was caused when a clipboard struck the tail rotor. *Id.* Evidence was that one of the passengers became sick and opened the helicopter door, dropping the clipboard in the process. *Id.*

On August 30, 2012, Krinitt filed a wrongful death suit based in negligence seeking damages against IDFG for Perry's death. On October 22, 2012, IDFG filed its answer. In its answer, IDFG did not assert statutory immunity under Idaho's Worker's Compensation Act as a defense. Thereafter, the district court entered a scheduling order dated February 14, 2013, which stated: "Dispositive motions shall be filed by January 31, 2014." IDFG filed a motion for summary judgment on January 31, 2014. In support of its motion, IDFG did not raise the issue of statutory immunity; rather, IDFG moved for summary judgment on the basis that Krinitt could not prove negligence. The district court granted the motion and Krinitt appealed.

On appeal, this Court determined that a reasonable jury could conclude that the accident was the result of IDFG's negligence and reversed and remanded the case to district court. *Krinitt*, 159 Idaho at 127–31, 357 P.3d at 852–56. Following remand, the district court ordered the parties to mediation. On March 21, 2016, after a failed mediation attempt, and after the date set for the filing of dispositive motions, IDFG filed another motion for summary judgment on the basis of statutory immunity.

Krinitt opposed the motion, arguing: (1) IDFG was not Perry's statutory employer and therefore did not qualify for statutory immunity; and (2) even if IDFG was Perry's statutory employer, IDFG had waived its statutory immunity defense by failing to timely plead it. After a hearing, the district court granted IDFG's motion for summary judgment, ruling that IDFG did not waive its right to assert statutory immunity as a defense, and, as a statutory employer, IDFG was immune from suit under Idaho's Worker's Compensation Act. However, under Idaho Rule

of Civil Procedure 16(i),[1] the district court also imposed sanctions on IDFG for filing its March 21, 2016, summary judgment motion after the January 31, 2014, deadline for filing dispositive motions set in the scheduling order. Krinitt timely appeals the grant of summary judgment in favor of IDFG. IDFG appeals the district court's imposition of sanctions.

## II.    STANDARD OF REVIEW

"This Court's review of a trial court's ruling on a motion for summary judgment is the same standard used by the trial court in originally ruling on the motion." *Robison v. Bateman-Hall, Inc.*, 139 Idaho 207, 209, 76 P.3d 951, 953 (2003) (citations omitted). The Idaho Rules of Civil Procedure state that summary judgment shall be rendered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c).[2] "If the evidence reveals no disputed issues of material fact, what remains is a question of law, over which this Court exercises free review." *Robison,* 139 Idaho at 209, 76 P.3d at 953 (citations omitted).

We review a trial court's decision to impose sanctions under Idaho Rule of Civil Procedure 16(i) under an abuse of discretion standard. *Lepper v. E. Idaho Health Servs., Inc.*, 160 Idaho 104, 109, 369 P.3d 882, 887 (2016). To determine whether the district court abused its discretion, we examine whether the district court: (1) correctly perceived the issue as discretionary; (2) acted within the outer boundaries of its discretion and consistently with relevant legal standards; and (3) reached its decision by an exercise of reason. *Swallow v. Emergency Med. of Idaho, P.A.*, 138 Idaho 589, 592, 67 P.3d 68, 71 (2003).

## III.    ANALYSIS

The parties raise three issues: (1) whether the district court erred in allowing IDFG to assert its statutory employer immunity defense; (2) whether IDFG is a statutory employer of Perry; and (3) whether the district court abused its discretion in imposing sanctions against IDFG.

---

[1] All citations to the Idaho Rules of Civil Procedure are to the 2015 rules, as those were the rules in effect at the time of the proceedings in district court.

[2] The district court granted summary judgment prior to the recent amendment of Idaho Rule of Civil Procedure 56(a), which, as of July 1, 2016, provides: "The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a).

**A. Whether the district court erred in allowing IDFG to assert its statutory employer immunity defense.**

Krinitt contends IDFG waived the affirmative defense of statutory employer immunity by failing to timely assert it as a defense. IDFG responds by asserting that the question of whether an employer is entitled to statutory immunity is one of subject matter jurisdiction and may therefore be raised at any time, and at the very least, at any time before trial when the opposing party has had an opportunity to respond in briefing and oral argument.

Statutory employer immunity is an affirmative defense. *Fuhriman v. State, Dep't of Transp.*, 143 Idaho 800, 803, 153 P.3d 480, 483 (2007). Like other affirmative defenses, if not properly raised it may be waived. *Cf. id.* at 803–04, 153 P.3d at 483–84 (noting that the defense was not waived because it was properly raised). Furthermore, we have expressly stated, "[s]ince status as a statutory employer is a defense to a common law negligence action, deciding whether a defendant is a third party or a statutory employer, when that defense is raised, necessarily attends the district court's task in ruling on matters in such suits." *Kolar v. Cassia Cnty. Idaho*, 142 Idaho 346, 351, 127 P.3d 962, 967 (2005). Simply put, deciding whether an employer has properly raised the statutory employer immunity defense or whether an employer qualifies as a statutory employer does not implicate subject matter jurisdiction. Either a court or the Industrial Commission may determine whether an employer qualifies as a statutory employer and whether the employer has properly raised the defense. *Dominguez ex rel. Hamp v. Evergreen Res., Inc.*, 142 Idaho 7, 12, 121 P.3d 938, 943 (2005) ("The Industrial Commission and the district courts of Idaho have concurrent jurisdiction to determine whether they have jurisdiction to consider a claim or hear a case."). It is only after such a determination has been made that subject matter jurisdiction comes into play. If it is found that the employer is a statutory employer, then worker's compensation is the only remedy and jurisdiction rests with the Industrial Commission. If it is found that the employer does not qualify as a statutory employer or has waived the defense, then jurisdiction rests with the courts.

In determining whether an affirmative defense has been waived, we have held that "a party does not waive an affirmative defense for failing to raise it in the initial answer, so long as it is raised before trial and the opposing party has time to respond in briefing and oral argument." *Patterson v. State, Dep't of Health & Welfare*, 151 Idaho 310, 316, 256 P.3d 718, 724 (2011); *accord Guzman v. Piercy*, 155 Idaho 928, 935, 318 P.3d 918, 925 (2014); *Fuhriman*, 143 Idaho at 803, 153 P.3d at 483; *Bluestone v. Mathewson*, 103 Idaho 453, 455, 649 P.2d 1209, 1211

4

(1982). However, the ability to raise an affirmative defense by motion is not unfettered. Parties must still comply with the court's scheduling orders, and failure to comply with such orders may result in the denial of the defendant's motion. I.R.C.P. 16(i); I.R.C.P. 37(b)(2)(B) (allowing the court to refuse to allow "the disobedient party to support or oppose designated claims or defenses" when a party fails to comply with a scheduling order).

Here, the district court entered a scheduling order that required all dispositive motions to be filed by January 31, 2014. IDFG filed its motion for summary judgment asserting the statutory employer affirmative defense on March 21, 2016. A motion asserting an affirmative defense is a dispositive motion by its very nature. *See Fuhriman*, 143 Idaho at 803, 153 P.3d at 483 ("An affirmative defense is '[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.' " (quoting *Black's Law Dictionary* 186 (2d Pocket ed. 2001))). Thus, although IDFG's motion was before trial, it was after the date set by the district court's scheduling order for the filing of dispositive motions. Had the district court been so inclined, it could have denied the motion for failure to comply with its scheduling order. I.R.C.P. 16(i); I.R.C.P. 37(b)(2)(B); *cf. Cummings v. Stephens*, 157 Idaho 348, 361, 336 P.3d 281, 294 (2014) (denying a motion to reconsider the exclusion of a witness because the party did not comply with the court's scheduling order); *Harris, Inc. v. Foxhollow Constr. & Trucking, Inc.*, 151 Idaho 761, 771, 264 P.3d 400, 410 (2011) (denying the admission of an exhibit because the party failed to comply with the court's scheduling order). It did not. Instead the district court heard the motion on its merits and imposed a lesser sanction. It was within the district court's discretion to do so.

The decision of whether to impose sanctions for violating a scheduling order "is within the district court's discretion . . . and we will not overturn such a decision absent a manifest abuse of that discretion." *Lepper*, 160 Idaho at 109, 369 P.3d at 887. Here, the district court noted that the decision to impose sanctions for violating its scheduling order was within its discretion. The court also noted that under the applicable legal principles an affirmative defense may be raised for the first time in a motion for summary judgment as long as it is raised before trial and with time for the opposing party to present argument in opposition. *Fuhriman*, 143 Idaho at 803, 153 P.3d at 483. The district court also observed that under Idaho Rule of Civil Procedure 16(i) it could have denied IDFG's motion "on the basis that it was untimely filed." The district court, however, noted that Krinitt did not argue for this remedy under Rule 16(i).

Additionally, the court noted: (1) IDFG's failure to bring the motion earlier was "not part of a pattern of delay or gamesmanship"; (2) the oversight was "immediately brought before the court with IDFG acknowledging its error"; and (3) "there is no argument that Krinitt was prejudiced by such action." Given the these factors, the district court reasoned that under the applicable legal principles, dismissal of IDFG's motion, although violating the court's scheduling order, was unwarranted. Such a decision was squarely within the district court's discretion, and we will not overturn it. *Lepper*, 160 Idaho at 109, 369 P.3d at 887; *Edmunds v. Kraner*, 142 Idaho 867, 872–73, 136 P.3d 338, 343–44 (2006).

**B. Whether IDFG was a statutory employer of Perry.**

Krinitt argues that IDFG was not the statutory employer of Perry. This argument has two main points. First, Krinitt argues that Leading Edge was not a contractor of IDFG and therefore there was no privity of contract between Perry and IDFG, and, thus, IDFG could not be Perry's statutory employer. Second, Krinitt argues that because the U.S. Department of Interior (DOI) was involved in contracting Leading Edge, and because the DOI—as a federal agency—is outside the reach of Idaho's Worker's Compensation Act, the DOI cannot be a contractor "under" IDFG.

To the extent Krinitt argues that the DOI is not subject to Idaho's Worker's Compensation Act, this argument fails. *See Struhs v. Protection Tech. Inc.*, 133 Idaho 715, 720, 992 P.2d 164, 169 (1999) (holding the U.S. Department of Energy was the plaintiff's statutory employer); *Liberty N.W. Ins. Corp. v. United States*, No. 1:10-CV-102-REB, 2011 WL 6002468, at *3 (D. Idaho Nov. 30, 2011) ("[S]tatutory employer immunity under Idaho's Worker's Compensation Act can apply to the United States."). Krinitt's argument that statutory employer immunity in this case would violate the United States and Idaho Constitutions is also premised on the argument that the DOI is outside the reach of Idaho's Worker's Compensation Act and similarly fails.

This leaves us with only the second issue: whether statutory employer immunity applies to IDFG. There are two categories of statutory employers. *Venters v. Sorrento Del., Inc.*, 141 Idaho 245, 249, 108 P.3d 392, 396 (2005). At issue here is the first category. Statutory employers under the first category are employers "described in section 72-216, Idaho Code, having under them contractors or subcontractors who have in fact complied with the provisions of section 72-301, Idaho Code." I.C. § 72-223(1). To identify a statutory employer under the first category, we

first consider the statutory definition of "employer" found in I.C. § 72-102(13)(a). *Fuhriman*, 143 Idaho at 804, 153 P.3d at 484. There, "employer" is defined as "any person who has expressly or impliedly hired or contracted the services of another." I.C. § 72-102(13)(a). This definition "includes contractors and subcontractors." *Kolar v. Cassia Cnty.*, 142 Idaho 346, 352, 127 P.3d 962, 968 (2005). Essentially, "an employer who makes use of a contractor's or subcontractor's employees qualifies as a category one statutory employer and is immune from suits in tort." *Ewing v. State, Dep't of Transp.*, 147 Idaho 305, 307, 208 P.3d 287, 289 (2009).

Here, IDFG qualifies as a category one statutory employer of Perry. The "Service Level Agreement" between IDFG and the DOI clearly shows IDFG contracted with the DOI to secure aviation services. That agreement states the DOI "agrees to provide services and/or product support as outlined below to the State of Idaho – Idaho Fish and Game . . . . The State of Idaho – Idaho Fish and Game and the Department of Interior . . . have entered into this agreement for the purpose of establishing aviation services . . . ." It is undisputed that Leading Edge had a contract with the DOI to provide such services. Based on these facts, Perry's employer, Leading Edge, was a subcontractor of the DOI, and the DOI contracted with IDFG to provide aviation services. Accordingly, Perry was a statutory employee of IDFG. *Id.* (finding that an employee of a company that was a subcontractor of a company who had contracted with the Idaho Transportation Department was a statutory employee of the Idaho Transportation Department).

## C. Whether the district court abused its discretion in sanctioning IDFG for failing to comply with its scheduling order.

The district court entered a scheduling order on February 14, 2013. In that order, the court imposed a deadline of January 31, 2014, for the filing of any dispositive motions. IDFG did not bring its summary judgment motion asserting statutory employer immunity until March 21, 2016. Because IDFG did not comply with its scheduling order, the district court entered sanctions against IDFG under Idaho Rule of Civil Procedure 16(i).

"Upon motion or on its own initiative, the district court may impose sanctions for failure to obey a scheduling or pre-trial order." *McKim v. Horner*, 143 Idaho 568, 571, 149 P.3d 843, 846 (2006) (citing I.R.C.P. 16(i)). Such sanctions "shall require the party or the attorney representing him or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees . . . ." I.R.C.P. 16(i). "It is within the district court's discretion whether to impose such sanctions, and we will not overturn such a decision absent a manifest abuse of that discretion." *Lepper*, 160 Idaho at 109, 369 P.3d at 887.

Here, the facts are pretty straightforward. IDFG was required by the scheduling order to bring any dispositive motions by January 31, 2014. As noted above, a motion asserting an affirmative defense is a dispositive motion by its very nature. *See Fuhriman*, 143 Idaho at 803, 153 P.3d at 483. IDFG did not bring its motion asserting its affirmative statutory employer defense until March 21, 2016. This clearly violated the court's scheduling order. As mentioned above, because the filing of the motion violated the court's scheduling order, the district court could have denied the motion entirely. However, noting its discretion in the matter, the district court cited the applicable legal principles and imposed a lesser sanction requiring IDFG to pay Krinitt's "reasonable expenses and attorney fees" incurred after the January 31, 2014, deadline for filing dispositive motions. The decision to set January 31, 2014, as the start date for sanctions was reasonable as it was the last day available for IDFG to assert its affirmative defense and still comply with the scheduling order. As the district court observed, IDFG should have known and discovered their affirmative defense earlier and IDFG "took a risk in retaining an out-of-state attorney." There was no excuse for failing to bring the affirmative defense by the January 31, 2014, deadline, and the district court was within the bounds of its discretion in imposing sanctions for failure to comply with its scheduling order. We affirm its decision to do so.

## IV.    CONCLUSION

The district court is affirmed. Because neither party prevailed on their appeals—Krinitt did not prevail on the appeal of summary judgment and IDFG did not prevail on the appeal of the imposition of sanctions—each side will bear its own costs on appeal.

Justices EISMANN, JONES, HORTON and KIDWELL, J., Pro Tem, **CONCUR.**