# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52454

| | |
|---|---|
| In the Matter of the Guardianship of: **Maria Katsilometes, An Adult.** | ) ) |
| **GEORGE J. KATSILOMETES,** | ) **Filed:  July 9, 2025** |
| | ) |
| Petitioner-Respondent, | ) **Melanie Gagnepain, Clerk** |
| | ) |
| v. | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **THOMAS J. KATSILOMETES,** | ) **BE CITED AS AUTHORITY** |
| | ) |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Aaron N. Thompson, Magistrate.

Judgment appointing conservator, <u>affirmed</u>; judgment on motion for sanctions, <u>affirmed</u>; order on motion for attorney fees and costs; <u>affirmed.</u>

Williams Law, P.L.L.C.; Matthew C. Williams, Eagle, for appellant, and Thomas J. Katsilometes, Boise, pro se appellant.

Snake River Law, PLLC; Mark Peterson, Boise, for respondent.

_____

LORELLO, Judge

Thomas J. Katsilometes appeals from the judgment appointing a conservator, the judgment on motion for sanctions, and the order on a motion for attorney fees and costs.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from magistrate court proceedings appointing George Katsilometes as the guardian and conservator for his mother, Maria Katsilometes.  Maria was born in 1930.  She lives in Pocatello and has three adult children: Anastasia, George, and Thomas.  The children agreed that appointment of a conservator was necessary for Maria's care and significant financial

1

assets. At issue before the magistrate court was the appointment of a permanent conservator. The judgment appointing a conservator was entered following an evidentiary hearing which took place over the course of four days spanning from May to September 2024.

Anastasia, the oldest child, did not file a petition to be appointed guardian or conservator and neither she nor her husband testified at the hearing. Anastasia and her husband reside in California.

George is Maria's middle child. George lives in Pocatello and is a certified financial planner. He filed a petition to be appointed as guardian and conservator for Maria in March 2023. At that time, he had been acting as Maria's temporary conservator and had acquired durable power of attorney from Maria in 2019.

Thomas is the youngest child. He is an attorney and resides in Boise. Thomas has several financial relationships with Maria, including an interest in a large section of land in which he owns 1/8 interest. In August 2023, Thomas filed a declaration contesting the appointment of George as conservator and nominating TrESCo of Idaho as conservator for Maria.[1] At the May 7, 2024, evidentiary hearing, the magistrate court acknowledged that Thomas filed an objection to the appointment of George as conservator by virtue of Thomas's August 2023 declaration. However, the magistrate court held that Thomas was required to file a petition separate from George's because Thomas was requesting prospective relief--specifically the appointment of a third-party conservator. Thomas then filed a petition on June 17, 2024, requesting that Anastasia's husband, Idaho Trust Bank, or TrESCo of Idaho be appointed as conservator for Maria.

A scheduling order including discovery deadlines was entered by the magistrate court following George's petition and Thomas's declaration, and the case was initially set for trial to commence in November 2023. A continuance was granted after Thomas promulgated several subpoenas to financial institutions and had not yet received responsive materials. The trial was rescheduled for March 2024. In January 2024, Thomas filed a motion to dismiss George's petition, which the magistrate court denied. In February 2024, counsel for Thomas filed a motion to withdraw based on a breakdown in communication with Thomas. New counsel for Thomas filed a notice of appearance and requested a continuance of the trial, which the magistrate court denied.

---

[1]     Thomas did not object to George's appointment as guardian.

2

In August 2024, Thomas filed a motion to allow representatives of Idaho Trust Bank and TrESCo of Idaho to appear via zoom at the upcoming evidentiary hearing. George filed a motion in limine to preclude the testimony based on Thomas's failure to disclose the witnesses in discovery or in pretrial disclosures. Thomas argued that his June 2024 petition disclosed the companies and that the magistrate court never entered an order for discovery on Thomas's petition. The magistrate court granted George's motion in limine. Thomas then filed a motion to disqualify the magistrate judge for cause two business days prior to the final evidentiary hearing. The magistrate court denied the motion.

The magistrate court noted in its subsequent memorandum decision that, "just prior to every hearing that transpired, Thomas would file untimely motions that were aimed at delaying the conclusion of the evidentiary portion of the case." The magistrate court also noted that Thomas repeatedly filed motions that were noncompliant with the notice requirements in the Idaho Rules of Civil Procedure. The magistrate court found that evidence of multiple offers to purchase portions of Maria's property was presented on the final day of trial. However, the magistrate court explained that its decision pertained only to an appointment of a permanent conservator for Maria and that the appointed conservator would be tasked with a fiduciary duty to manage Maria's financial affairs.

The magistrate court ultimately appointed George as the permanent conservator for Maria in October 2024. The magistrate court concluded that George had acted competently and consistently with his statutory fiduciary duties as the temporary conservator and there was no evidence of theft or self-dealing. The magistrate court considered that the court-appointed home visitor, the guardian ad litem, Anastasia, and Maria all supported George's appointment as conservator. The only objection came from Thomas. The magistrate court concluded Thomas's suggested alternatives were insufficient and noted that Anastasia's husband never signed an acceptance of the nomination and there was no evidence as to his qualifications or his desire to be involved. Further, Thomas did not provide any information in discovery regarding the professional conservators he proposed. The magistrate court considered that Thomas is an attorney and aware of his discovery duties.

The magistrate court ordered sanctions in the amount of $5000 against Thomas for his "habitual conduct" of failing to comply with procedural rules and bad faith actions. Thomas filed a motion for permissive appeal, which was granted.[2]

## II.

## STANDARD OF REVIEW

In a permissive appeal under I.A.R. 12.1, the Court reviews the magistrate court's decision without the benefit of a district court appellate decision. *Lamont v. Lamont*, 158 Idaho 353, 356, 347 P.3d 645, 648 (2015). A trial court's decisions regarding sanctions and discovery violations are reviewed for an abuse of discretion. *Gilbert v. Radnovich*, 171 Idaho 566, 572, 524 P.3d 397, 403 (2023); *Sommer v. Misty Valley, LLC*, 170 Idaho 413, 427, 511 P.3d 833, 847 (2021). An abuse of discretion standard also applies to a trial court's decision to award attorney fees. *Knudsen v. J.R. Simplot Co.*, 168 Idaho 256, 265, 483 P.3d 313, 322 (2021).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

### A.     Sanctions

Thomas argues the district court erred by imposing sanctions against him. In particular, Thomas claims there are shortcomings in George's requests for sanctions. Thomas notes that

---

[2]     In his opening brief, Thomas argues the magistrate court erred by imposing sanctions against him when denying his motion to disqualify for cause, requiring him to adhere to certain discovery deadlines, awarding attorney fees and costs to George, and ruling Thomas was required to file a separate petition for appointment of a conservator. In his reply brief, Thomas asserts the magistrate court erred "by not allowing a professional, non-conflicted, impartial, and capable estate management company to serve" as the conservator. This Court will not consider arguments raised for the first time in an appellant's reply brief. *Midtown Ventures, LLC v. Capone as Tr. to Thomas & Teresa Capone Living Tr.*, 173 Idaho 172, 180, 539 P.3d 992, 1000 (2023).

4

George orally requested sanctions at the initial pretrial conference but did not indicate why he was requesting the sanctions. George then filed motions for sanctions in June and August 2024. George responds that the magistrate court properly ordered sanctions based on Thomas's conduct throughout the proceedings. We hold that the applicable law and the record support the magistrate court's exercise of discretion in ordering sanctions against Thomas.

It is within the trial court's discretion whether to impose sanctions; this Court will not overturn such a decision absent a manifest abuse of that discretion. *Krinitt v. Idaho Dep't of Fish & Game*, 162 Idaho 425, 431, 398 P.3d 158, 164 (2017). The magistrate court imposed sanctions pursuant to I.R.C.P. 16(e), which provides:

> (1) *Grounds.* The court may sanction any party or attorney if a party or attorney:
> > (A) fails to obey a scheduling or pretrial order;
> > (B) fails to appear at a scheduling or pretrial conference;
> > (C) is substantially unprepared to participate in a scheduling or pretrial conference; or
> > (D) fails to participate in good faith.
> (2) *Sanctions Allowed.* The court may make such orders as are just, and may, along with any other sanction, make any of the orders allowed under Rule 37(b)(2)(A). Also, in addition to or in the place of any other sanction, the court must require the party or the party's attorney, or both, pay any expenses incurred because of noncompliance with this rule, including attorney's fees, unless the court finds noncompliance was substantially justified or that circumstance are such that such an award of expenses would be unjust.

When imposing the sanctions, the magistrate court reasoned that Thomas habitually filed late motions. The magistrate court noted that, "on repeated occasions, Thomas's motions were filed on the eve (or within close temporal proximate time) of an evidentiary hearing" and that, "on most occasions, those motions were wholly noncompliant with the notice requirements within the IRCP." The magistrate court explained that this conduct wasted valuable time at hearings for the magistrate court to become educated on the issues presented. As a sanction for this conduct, the magistrate court awarded George attorney fees totaling $5000 to be paid by Thomas, determining this amount represented fees associated with a reasonable amount of time George spent responding to the late filings and addressing the filings during hearings. *See* I.R.C.P. 16(e)(2) (permitting the court to require the party to pay any expenses incurred because of noncompliance with the rule, including attorney fees).

5

Thomas's opening brief largely disputes the arguments in favor of sanctions contained in George's August motion. For instance, Thomas argues that his actions, which are described in George's motion, did not cause unnecessary delay. Thomas acknowledges the untimeliness of his motions but reasons that sanctions are improper because George also made an untimely oral request to dismiss. Thomas further notes that he "at least put his motion in writing."

Any error in the arguments in favor of sanctions made in George's August motion do not support a conclusion that the magistrate court abused its discretion when imposing the sanctions. A trial court may impose sanctions for failure to comply with I.R.C.P. 16 either upon motion or on its own initiative. *Krinitt*, 162 Idaho at 431, 398 P.3d at 164. Therefore, any alleged error in George's motion is irrelevant given the magistrate court's authority to impose sanctions on its own initiative. Thomas also contends that sanctions were improperly imposed because he was not given the opportunity to respond to the alleged conduct the magistrate court considered when imposing sanctions that was not included in George's motion. Again, because the magistrate court is permitted to impose sanctions on its own initiative, this argument fails. Further, the rule does not provide that Thomas is entitled to respond prior to the imposition of sanctions.

Finally, Thomas's opening brief concedes he filed numerous untimely motions. That George may have, on occasion, also filed untimely motions does not negate this. In his respondent's brief, George points to fourteen untimely motions and discovery responses submitted by Thomas. Thomas does not address these is his reply brief.[3] Thomas merely requests that this Court reweigh the evidence and substitute its view for that of the magistrate court, which we decline to do. *See Nuestadt v. Colafranceschi*, 167 Idaho 214, 228, 469 P.3d 1, 15 (2020) (holding that appellate courts in Idaho do not reweigh evidence). Thomas has failed to show the magistrate court abused its discretion by imposing sanctions.

B.     **Disqualification**

Thomas contends the magistrate court erred in denying his motion to disqualify. Thomas asserts that the magistrate court's "decisions and rulings throughout the case showed a consistent

---

[3]     Instead, Thomas spends the majority of his reply brief discussing Maria's property interests despite the magistrate court's clarification that its decision pertained only to an appointment of a permanent conservator for Maria and that the appointed conservator would be tasked with a fiduciary duty to manage Maria's financial affairs.

6

pattern of bias against Thomas." In support, Thomas contends that the magistrate court showed bias by requiring him to file a petition for conservatorship but preventing him from conducting discovery on his petition by holding him to discovery deadlines that had passed. Thomas further argues the magistrate court demonstrated bias by sua sponte striking part of Thomas's testimony from the record without a motion from opposing counsel. Finally, Thomas argues the magistrate court was biased because the court repeatedly allowed George to file late motions and permitted the filing of documents that exceeded the local rule page limits while holding Thomas to strict compliance with various rules.

George responds that Thomas's motion to disqualify was untimely and, alternatively, that the magistrate court did not demonstrate pervasive bias. George characterizes Thomas's claims that the magistrate court repeatedly permitted George to file late motions as "false and misleading." We hold that Thomas's motion to disqualify was not untimely as the rule provides that a motion to disqualify for cause may be made at any time. *See* I.R.C.P. 40(b)(2). Nevertheless, Thomas has failed to show error in the denial of his motion to disqualify.

Thomas's motion to disqualify was filed pursuant to I.R.C.P. 40(b)(1)(D), which provides that a judge may be disqualified for cause if the judge is biased or prejudiced for or against any party or the subject matter of the action. Whatever the source of the bias or prejudice, it must be so extreme as to display clear inability to render fair judgment. *Bach v. Bagley*, 148 Idaho 784, 791, 229 P.3d 1146, 1153 (2010). Unless there is a demonstration of pervasive bias derived from either an extrajudicial source or facts and events occurring at trial, there is no basis for judicial recusal. *Id.* at 792, 229 P.3d at 1154. The standard for recusal of a judge based simply on information that the judge has learned in the course of judicial proceedings is extremely high. *Id.*

The United States Supreme Court has held that judicial rulings alone almost never constitute a valid basis for a bias or partiality motion, noting that, "almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Thomas's arguments about the magistrate court's "decisions and rulings throughout the case" fail to demonstrate pervasive bias--a necessary basis for judicial disqualification. A review of the record does not support Thomas's assertions; rather, it supports the conclusion that the magistrate court afforded Thomas ample opportunity to participate in the proceedings. This is evidenced by the magistrate court's allowance of numerous late filings and discovery responses by Thomas as

7

well as several continuances. Thomas's argument that the magistrate court prevented him from presenting evidence on his own petition filed in June 2024 likewise fails. As explained below, this Court does not conclude that the magistrate court prevented Thomas from conducting discovery or that it erred by holding him to discovery deadlines provided in the scheduling order. Thomas engaged in the discovery process since his August 2023 declaration. Thomas's failure to properly supplement discovery is his failure and is not evidence of bias on behalf of the magistrate court. Nor does the record support Thomas's contention that the magistrate court repeatedly allowed George to file late motions. Finally, a trial court does not show bias by sua sponte striking improper testimony.

Thomas has failed to demonstrate pervasive bias by the magistrate court. The magistrate court did not err in denying Thomas's motion to disqualify for cause.

## C. Discovery Deadlines

Thomas argues the district court abused its discretion by requiring him to adhere to discovery deadlines that expired prior to the filing of his petition in June 2024. Specifically, Thomas contends the magistrate court erred when it granted George's motion in limine and sanctioned Thomas by precluding him from introducing testimony from two representatives of third-party professional conservators. Thomas asserts that he was not obligated to abide by the discovery deadlines contained in the magistrate court's scheduling order entered after George's petition and Thomas's declaration because the magistrate court subsequently ordered him to file a petition.

The imposition of discovery sanctions is within the discretion of the trial court and will not be overturned absent a manifest abuse of discretion. *Sommer*, 170 Idaho at 427, 511 P.3d at 847. When granting George's motion in limine to preclude Thomas from presenting evidence from his proposed third-party conservators, which were not disclosed until after the discovery deadline, the magistrate court reasoned:

> So even when we started the case and even though the Court ultimately ruled that there was a petition required, the position has always been--the position has always been that if . . . [Thomas] was allowed to present that information that it was going to be a third party that he wanted. So he was aware that he was going to need a witness such as a representative from [TrESCo] when the first pretrial memorandums were due.
> . . . .

8

But probably more importantly is that there's an ongoing duty to supplement discovery and . . . it's not contradicted . . . that discovery has not been supplemented. The Court finds that there's a discovery violation here. That [counsel for George] was entitled on behalf of his client to know who was going to testify, if there was an interrogatory in conjunction with that, what the scope of that testimony was going to be and the background and the services so he can attack or impeach the quality of that service.

Since the filing of his August 2023 declaration, Thomas participated in discovery as evidenced by his filing of several subpoenas, interrogatories, requests for documents, and requests for admission. The record shows that Thomas was aware of his discovery duties but failed to disclose his proffered witnesses.

Thomas also argues that he was not bound by the scheduling order because the magistrate court erroneously required him to file his June 2024 petition based on an incorrect interpretation of I.C. § 15-5-404, the statute which sets out the procedure for court appointment of a conservator for an incapacitated person. The magistrate court addressed this argument in its memorandum decision, stating:

Even if an appellate court disagrees with this Court that a petition must be filed to obtain prospective relief, and that Thomas' nomination in his August 17, 2023 *Declaration* is solely sufficient to put the matter at issue, he was still under an ongoing duty to supplement his discovery. His failure to do so resulted in a steep sanction--he was precluded from presenting evidence supportive of the professional conservators. The Court does not allow trial by ambush. Thomas has no one to blame but himself for this sanction. Simple supplementation and providing information to George's counsel would have remedied the issue. He chose not [to], and now faces the consequences of that failure.

As explained by the magistrate court, regardless of whether a separate petition was required, Thomas's August 2023 declaration was sufficient to trigger discovery obligations. The magistrate court did not abuse its discretion when it sanctioned Thomas by precluding testimony from the representatives of the third-party professional conservators as a result of Thomas's failure to comply with discovery requirements.[4]

---

[4] Because Thomas's claim that a separate petition was not required by I.C. § 15-5-404 would not change the result with respect to sanctions, we need not address whether the magistrate court's interpretation of I.C. § 15-5-404 was correct. *See Houpt v. Wells Fargo Bank, Nat. Ass'n*, 160 Idaho 181, 189, 370 P.3d 384, 392 (2015) (explaining that a claim for relief is moot when a

**D.     Attorney Fees and Costs Awarded by the Magistrate Court**

Thomas contends the magistrate court erred in awarding attorney fees.  George responds that the applicable law supports the attorney fees award.  We hold that Thomas has failed to show the magistrate court abused its discretion in awarding attorney fees to George.

George filed a motion for attorney fees and costs in June 2024.  Thomas timely filed an objection to the motion.  George then filed a second motion for attorney fees and costs and Thomas timely filed an objection to the second motion.  The magistrate court entered an I.R.C.P. 54 certification the same day it entered its judgment appointing George as conservator for Maria.  The certification indicated the judgment was final and that judgment had been entered on all claims for relief, except attorney fees and costs.  Thereafter, George filed an "Amended Motion for Attorney Fees and Costs" on October 28, 2024, which included attorney fees and costs that were not accounted for in the prior motions; Thomas filed a memorandum in opposition on December 24, 2024.

The magistrate court granted George's October 28, 2024, motion for attorney fees and costs based on its finding that Thomas's response was untimely.  The magistrate court reasoned that I.R.C.P. 54 provides that attorney fees are considered costs in an action and are to be processed in the same manner as other costs.  I.R.C.P. 54(e)(5).  The rule further provides that "any objection to a claim for attorney fees must be made in the same manner as an objection to costs as provided by Rule 54(d)(5)."  I.R.C.P. 54(e)(6).

George timely filed his motion for attorney fees and costs.  *See* I.R.C.P. 54(d)(4) (stating that at any time after the verdict of a jury or a decision of the court, but not later than fourteen days after entry of judgment, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense).  Any objection to that motion was required to be filed within fourteen days of the service of the memorandum of costs.  *See* I.R.C.P. 54(d)(5).  The magistrate court concluded Thomas failed to comply with these time requirements because he failed to file his objection within fourteen days of service.  Failure to

---

favorable decision would not result in relief and an appellate court only reviews issues in which a judicial determination would have a practical effect on the outcome).

timely object to the items in the memorandum of costs constitutes a waiver of all objections to the costs claimed. *Id.* Accordingly, the magistrate court concluded Thomas waived his objection.

On appeal, Thomas argues that the Idaho Rules of Civil Procedure do not allow an "amended" motion to be filed and that he was not put on notice that he needed to respond to the amended motion when he had already objected to the two prior motions. He argues an amendment would relate back to the original proceeding, essentially taking place of that document. Based on this reasoning, Thomas asserts his prior objections should have carried over and he was not required to file a response.

Thomas's arguments are not persuasive. The magistrate court noted that it made it "crystal clear" that the matter was final when it entered its judgment and immediately filed the I.R.C.P. 54 certification. The magistrate court noted, "given the finality, George filed his 'amended' motion for attorney fees and costs" within the required fourteen days. The magistrate court explained that the motion and memorandum are entitled "amended" because George had previously filed a motion for attorney fees and costs. However, the magistrate court had not yet ruled on attorney fees and costs because the case was not resolved.

The magistrate court properly rejected Thomas's argument that his prior objections carried forward. The magistrate court reasoned there were several more hearings and filings included in the October request and it followed a final judgment. The magistrate court concluded the rule and case law are clear on this point, which supports a conclusion that Thomas waived any objection to the fees requested in George's October motion. We agree. Further, Thomas's argument that he was not required to file a response to the October motion appears disingenuous considering that Thomas filed an untimely objection to the motion in December. Thomas has failed to show the magistrate court abused its discretion in awarding attorney fees to George.

E.      Attorney Fees and Costs on Appeal

George seeks an award of attorney fees on appeal pursuant to I.A.R. 41 and I.C. §§ 12-121 and 12-123.[5] George argues that attorney fees are proper based on Thomas's "ongoing pattern of unreasonable, frivolous, and unfounded litigation conduct." An award of attorney fees may be

---

[5]      Idaho Code Section 12-123 governs "[s]anctions for frivolous conduct in a civil case." This code section does not apply on appeal. *Horton v. Horton*, 171 Idaho 60, 78, 518 P.3d 359, 377 (2022).

granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. An award of attorney fees is appropriate if the appellant only invites this Court to second-guess the trial court on conflicting evidence, or if the law is well settled and the appellant has made no substantial showing that the lower court misapplied the law, or no cogent challenge is presented with regard to the trial court's exercise of discretion. *Pass v. Kenny*, 118 Idaho 445, 449-50, 797 P.2d 153, 157-58 (Ct. App. 1990). That standard for an award of attorney fees is satisfied in this case. Accordingly, George is awarded attorney fees on appeal. George is entitled to costs as the prevailing party pursuant to I.A.R. 40.

## IV.

## CONCLUSION

Thomas fails to show error by the magistrate court. The judgment appointing a conservator, the judgment on a motion for sanctions, and the order on a motion for attorney fees and costs are affirmed. Costs and attorney fees are awarded to George on appeal.

Chief Judge GRATTON and Judge Pro Tem MELANSON, **CONCUR**.