779 P.2d 433

**John MADSEN, Plaintiff–Appellant,**

v.

**IDAHO DEPARTMENT OF HEALTH AND WELFARE & Jerry Nuxoll, Defendants–Respondents.**

No. 16996.

Court of Appeals of Idaho.

Sept. 5, 1989.

John Madsen, Boise, pro se.

Jim Jones, Atty. Gen., Teresa A. Sobotka, Deputy Atty. Gen., Boise, for defendant-respondent Department of Health and Welfare.

WALTERS, Chief Judge.

This is an appeal from an order dismissing an action filed by the plaintiff-appellant, John Madsen, against the respondent Department of Health and Welfare and one of its employees, Jerry Nuxoll. In his complaint, Madsen sought recovery of damages allegedly suffered by him and caused by actions of the Department's employee. The allegations of Madsen's complaint were couched in terms of averred tortious conduct.[1] The court granted a motion by

---

1. Madsen alleged that, during a telephone conversation with Mr. Nuxoll on December 17, 1986, Mr. Nuxoll "became abusive, threatening, and shouted at [Madsen]," that Nuxoll's conduct

the defendants to dismiss the action as to the Department, on the ground that the court lacked subject matter jurisdiction. This determination was based on the failure of Madsen to file a claim with the secretary of state before instituting this litigation, a prerequisite under the Idaho Tort Claims Act. We affirm.

Madsen's assertions on this appeal may be synthesized into the following two issues. First, he argues the district court erred in concluding the action should be dismissed for non-compliance with the Tort Claims Act. Second, Madsen contends the court erred in not granting Madsen's request to disregard or to strike the Department's motion to dismiss and instead to grant Madsen a summary judgment or judgment by default because the Department had failed to respond to his complaint within twenty days after the complaint was served.

The following background is pertinent to this case. Madsen was a recipient of aid from the Department under the personal care service program provided through Title XIX of the federal Social Security Act. A dispute arose with regard to whether Madsen should contribute toward the cost of his care. The Department determined that such a contribution was required. The Department's determination was upheld at an administrative hearing in late 1986. The administrative ruling eventually was affirmed in court proceedings instituted by Madsen for review of the Department's determination.[2]

On January 16, 1987, at the same time Madsen sought review by the district court of the administrative ruling, he filed a pleading with the court seeking recovery of damages against the Department and its employee, Jerry Nuxoll, predicated upon the December 17, 1986, telephone conversation with Mr. Nuxoll. Madsen's pleading was treated as a "complaint" by the clerk of the court, and was filed as a separate civil action apart from the review Madsen sought of the Department's administrative

proceeding. Sometime between January 16 and February 20, 1987, a summons in the action was delivered to the attorney general's office.

On March 12, 1987, Madsen filed a motion for summary judgment and on March 26 he filed a motion for entry of default on the ground that no appearance had been made by the defendants in the action. These motions were denied by the district court on March 31, 1987, because the motions did not comply with applicable civil rules of procedure. Since the court further opined that Madsen's handwritten pleadings were largely illegible, a duplicate but more legible complaint was filed by Madsen in April and a copy was delivered to the attorney general.

On April 6, 1987, the defendants moved for dismissal of Madsen's complaint, asserting (a) the complaint failed to state a claim upon which relief could be granted, (b) the court lacked personal jurisdiction over the parties because the defendants were not properly served with process in the action, and (c) the court lacked subject matter jurisdiction because the plaintiff, Madsen, had failed to comply with the Idaho Tort Claims Act. In response, Madsen renewed his motion for a default and requested the entry of a default judgment.

The court held a hearing on the pending motions on May 12, 1987, at which the parties presented their positions to the court. Focusing on whether Madsen could maintain his action, the defendants contended that Madsen had not presented any claim to the secretary of state's office as required by I.C. § 6–905. Madsen did not directly refute the defendants' assertion; instead he argued that because the defendants had failed to appear in the action within twenty days after service of his complaint, their motion to dismiss should be "thrown out" and he should be granted a default judgment.

After argument, the court granted the defendants' motion. The court determined

"was retaliatory and was malicious" and that, as a consequence, Madsen suffered mental anguish, physical suffering and emotional shock.

2. Those proceedings are reported in *Madsen v. State et al.*, 114 Idaho 182, 755 P.2d 479 (Ct.App. 1988) (review denied).

that although the summons in the action had been received by the attorney general's office on February 20, and a copy of the complaint in the case was received by that office by April 10, 1987, no claim had been filed with the secretary of state's office before the action was initiated. The court also held that, even if the service of the summons or complaint on the attorney general might have sufficed as notice of a tort claim against the state, the code nevertheless precluded a plaintiff from instituting any action on a claim until the claim had been denied or until ninety days had elapsed from the date the claim was presented. I.C. §§ 6–909 and 6–910. The court thus concluded it presently did not have subject matter jurisdiction over the action. The court dismissed the suit without prejudice, noting that time still remained for Madsen to file a claim with the secretary of state.[3] Madsen then brought this appeal from the order of dismissal.

■ During the pendency of this appeal, we temporarily remanded the action to the district court, pursuant to I.A.R. 13.3, to determine whether the allegation in Madsen's complaint—that Nuxoll's conduct was malicious (*see* I.C. § 6–904)—would take the claim against him outside the Tort Claims Act.[4] On that remand, the district court determined that the dismissal as to the Department should remain effective, but that a dismissal as to the employee, Nuxoll, would be improper on the ground of notice. The court thus ordered that the action against Nuxoll would not be dis-

missed, but would await further proceedings.[5]

■ Madsen has never asserted that his action against the Department was outside the ambit of the Tort Claims Act. In the context of Madsen's complaint for recovery of damages against the Department, for alleged tortious conduct, the framework established by the legislature in the Idaho statutes is very clear. Idaho Code § 6–905 requires that any claim against the state arising under the Tort Claims Act shall be filed with the secretary of state within 180 days from the date the claim arose or reasonably should have been discovered, whichever is later. Idaho Code § 6–907 sets forth the required description of the nature and content of the claim. Idaho Code § 6–908 provides that no claim or action shall be allowed against a governmental entity unless the claim has been presented and filed within the time limits prescribed by the Tort Claims Act. Idaho Code § 6–909 permits the governmental entity a period of ninety days after the filing of the claim, to act on the claim and notify the claimant in writing of its approval or denial; if the entity fails to approve or deny the claim within the ninety-day period, the claim shall be deemed denied. Idaho Code § 6–910 recites that, if a claim is denied, the claimant may institute an action in district court against the governmental entity in those circumstances where an action is permitted under the Tort Claims Act. Finally, I.C. § 6–911 provides a two-year statute of limitation for bringing the action.

3. Idaho Code § 6–905 provides that a claim against the state must be filed with the secretary of state within 180 days from the date the claim arose or reasonably should have been discovered. Since Madsen's claim apparently arose on December 17, 1986, the court observed that Madsen still had until June 17, 1987, to properly comply with the Tort Claims Act. In its calculations, the court generalized the time period as "six months," not the 180-day period specified in I.C. § 6–905.

4. We expressed our concern on this question in *Madsen v. Idaho Dept. of Health and Welfare,* 114 Idaho 624, 759 P.2d 915 (Ct.App.1988), a collateral proceeding addressing the issue of waiver of fees for a reporter's transcript and the clerk's costs incurred to complete the appellate record in the present case.

5. The disposition by the district court on remand has resulted in placing the case in a posture where only part of the claims asserted by Madsen have been adjudicated to finality. Ordinarily, a certificate under I.R.C.P. 54(b) would therefore be required for appellate review of the dismissal as to the Department. However, because appellate jurisdiction was fully vested when Madsen filed his appeal initially and the case was temporarily remanded by this Court under I.A.R. 13.3, we will deem the district court's order on remand as functionally equivalent to a certificate of finality, perceiving no just reason to delay consideration on appeal of the dismissal order.

Our Supreme Court has consistently interpreted the language of I.C. § 6–908—that no claim or action shall be "allowed"—to mean that compliance with the notice requirement of the Tort Claims Act is a mandatory condition precedent to bringing an action under the Act. *See McQuillen v. City of Ammon,* 113 Idaho 719, 747 P.2d 741 (1987); *Overman v. Klein,* 103 Idaho 795, 654 P.2d 888 (1982); *Smith v. City of Preston,* 99 Idaho 618, 586 P.2d 1062 (1978); *Independent School Dist. of Boise v. Callister,* 97 Idaho 59, 539 P.2d 987 (1975); *Newlan v. State,* 96 Idaho 711, 535 P.2d 1348, *appeal dismissed,* 423 U.S. 993, 96 S.Ct. 419, 46 L.Ed.2d 367 (1975).

Consistent with the Supreme Court's pronouncements, the district court concluded that Madsen's suit against the Department should be dismissed because the action was not preceded by the filing of a notice of claim.[6] The court's decision was correct as a matter of law. Because the action could not be maintained without compliance with the Tort Claims Act, the court lacked subject matter jurisdiction and properly dismissed the action as to the Department. Furthermore, since the court lacked jurisdiction over the subject matter, the court correctly refused to grant Madsen's request either for default judgment or for summary judgment.

The order dismissing the action as to the Department is affirmed. As noted, the claim against Nuxoll remains to be resolved in further proceedings in the district court. No costs or fees awarded.

BURNETT, J., and McFADDEN, J., pro tem., concur.

---

6. In its order on remand, the district court noted that an issue of fact existed as to whether Madsen had filed a notice of claim with the secretary of state in May, 1987, after the Department had moved for dismissal but before the 180-day time limit had expired. The court held that such an issue was immaterial to the present action, which had been commenced by Madsen before filing a notice of claim. If such a notice was filed, and was denied (or deemed denied), then Madsen would have two years within which to institute suit on the claim, I.C. § 6–911, and in that proceeding the disputed issue of whether a notice of claim had in fact been filed in May, 1987, could be litigated.