# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 50935

| | | |
|---|---|---|
| JEFFERY BRAY and MICHELLE BRAY, individually, and as Personal Representatives of the ESTATE OF COLBY JAMES BRAY (DECEASED), | ) ) ) ) ) | BYU-Idaho, November 2024 Term |
| Plaintiffs-Appellants, | ) ) | Opinion filed: February 14, 2025 |
| v. | ) ) | Melanie Gagnepain, Clerk |
| IDAHO DEPARTMENT OF JUVENILE CORRECTIONS; ARTHUR GREENE, an individual; SHALAINE KRESS, RN, an individual; KELLY MEACHAM, PA-C, an individual; LORI ANN FULLMER, LPN, an individual; DEBORAH LEE FLITTON, LPN, an individual; TERRISA LYNN PETERSON, LPN, an individual, | ) ) ) ) ) ) ) ) ) | |
| Defendants-Respondents, | ) ) | |
| and | ) ) | |
| JOHN DOES I-X, | ) ) | |
| Defendants. | ) | |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Franklin County. Mitchell W. Brown, District Judge.

The judgment of the district court is <u>affirmed</u>.

Bearnson & Caldwell, LLC, Logan, Utah, for Appellants. Arther P. Hart argued.

Hopkins Roden Crockett Hansen & Hoopes, PLLC, Idaho Falls, for Respondents Deborah Lee Flitton, Lori Ann Fullmer, Arthur D. Greene, Idaho Department of Juvenile Corrections, Shalaine Kress, and Terrisa Lynn Peterson. Steven K. Brown argued.

Hawley Troxell Ennis & Hawley, LLP, Pocatello, and Farm Bureau Insurance Company of Idaho, Pocatello, for Respondent Kelly Meacham. Cathy R. Silak argued.

---

1

MOELLER, Justice.

This case concerns the tolling of the statute of limitations governing a wrongful death suit. In 2019, Colby James Bray tragically died while he was in the custody of the Idaho Department of Juvenile Corrections ("IDJC"). The day before Idaho's two-year statute of limitations was set to expire, Colby's parents, Jeffrey and Michelle Bray (collectively "the Brays"), acting as the personal representatives of Colby's estate, filed a complaint in the United States District Court, for the District of Idaho ("the federal action"), naming IDJC and several individuals as defendants.

About a year later, the Brays filed a motion voluntarily dismissing the federal action and filed a similar lawsuit in state court. Because nearly three years had now passed since Colby's death, IDJC and the other named defendants filed motions for summary judgment based on the 2-year statute of limitations for wrongful death, common law negligence, and section 1983 claims. The district court granted the motions and dismissed the complaint with prejudice. The Brays now appeal the dismissal, arguing that the district court erred when it concluded that (1) Idaho Code section 5-234 did not toll the time for them to file their complaint in state court; (2) the tolling provision in 28 U.S.C. section 1367(d) did not toll the time for them to file their complaint in state court; and (3) Respondents were entitled to costs and attorney fees in excess of $17,000. For the reasons set forth below, we affirm the district court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 21, 2019, Colby was in IDJC custody for a juvenile offense. He was being held at the Juvenile Corrections Center ("JCC") in St. Anthony, Idaho, when he complained of "nausea and a sense of lethargy." On November 24, 2019, Colby was transported from JCC to Madison Memorial Hospital in Rexburg. Later the same day, he was moved to Eastern Idaho Regional Medical Center ("EIRMC") in Idaho Falls for "emergency treatment." On November 25, 2019, Colby passed away while a patient at EIRMC.

### A. Notice of Tort Claim.

On March 20, 2020, the Brays, as the natural parents of Colby and as the personal representatives and heirs of his estate, filed a notice of tort claim ("NOTC") with the Idaho Secretary of State's office as required by the Idaho Tort Claims Act ("ITCA"). *See* I.C. § 6-905. The Brays received an initial acknowledgment of receipt of their claim but did not receive a formal denial letter until December 17, 2020.

## B. The federal action.

On November 24, 2021—one day before the two-year statute of limitations would have run—the Brays filed a complaint in the United States District Court for the District of Idaho. The Brays' complaint asserted five causes of action: (1) a Wrongful Death claim pursuant to Idaho Code section 6-903 of the Idaho Tort Claims Act; (2) a Negligence—Survivor cause of action; (3) a claim under 42 U.S.C. section 1983; (4) another claim under 42 U.S.C. section 1983 for alleged failure to provide medical care; and (5) a Negligence Per Se claim under Idaho Code section 20-518. The Brays named IDJC, Arthur D. Greene, Shalaine Kress RN, Lori Ann Fullmer LPN, Deborah Lee Flitton LPN, Terrisa Lynn Peterson LPN, and John Does I-X as individuals (collectively referred to as the "Individual Defendants"), and Kelly Meacham PA-C ("Meacham") as defendants.[1]

Meacham filed a Motion to Dismiss the claims against him due to untimely and insufficient service of process on May 26, 2022. On August 9, 2022, the federal district court issued a Memorandum Decision and Order whereby it granted Meacham's Motion to Dismiss and granted the other Individual Defendants' Motion to Dismiss on the same service of process grounds. On August 24, 2022, IDJC, as the sole remaining defendant, moved to dismiss the case on Eleventh Amendment and immunity grounds. After being granted two successive extensions of time to respond to IDJC's motion to dismiss, the Brays ultimately moved for a voluntary dismissal, which IDJC did not oppose. Pursuant to that motion, the federal district court entered an Order of Dismissal dismissing the Brays' complaint against IDJC without prejudice on October 4, 2022.

## C. The state action.

After their federal case was dismissed, the Brays filed a complaint in state court in Franklin County on November 3, 2022. The Brays named IDJC, Meacham, and the Individual Defendants as defendants. On December 27, 2022, Respondent Meacham filed a motion for summary judgment, arguing that the Brays' complaint was untimely pursuant to 28 U.S.C. section 1367(d) since it was not filed on or before September 9, 2022, 31 days after the Brays' claims against Meacham in federal court were dismissed on August 9, 2022. The district court agreed and granted Meacham's motion for summary judgment, concluding that the claims against Meacham were

---

[1] Meacham is not listed among the Individual Defendants since he is not an employee of IDJC and hired separate counsel to represent him.

barred pursuant to the applicable statute of limitations set forth in Idaho Code sections 6-911 and 5-219.

On February 20, 2023, IDJC and the remaining Individual Defendants filed a motion for summary judgment, also asserting that the Brays' complaint was untimely pursuant to 28 U.S.C. section 1367(d). In its decision granting summary judgment, the district court applied the same rationale to the Individual Defendants as it did in granting Meacham's motion for summary judgment. As to IDJC, the district court determined that 28 U.S.C. section 1367(d) did not toll the time the federal action was pending so the Brays' complaint was likewise untimely. Thus, the district court dismissed the Brays' complaint against all the remaining parties with prejudice.

On June 20, 2023, Respondents filed a motion for an award of costs and attorney fees against the Brays. On September 22, 2023, the district court entered judgment in favor of the Respondents for costs and attorney fees in the amount of $17,086.27. The Brays timely appealed both the district court's ruling on the statute of limitations and its award of costs and attorney fees.

## II. STANDARDS OF REVIEW

When we review a trial court's ruling on a motion for summary judgment, we apply the same standard used by the trial court originally ruling on the motion. *Krinitt v. Idaho Dep't of Fish & Game*, 162 Idaho 425, 428, 398 P.3d 158, 161 (2017). Pursuant to the Idaho Rules of Civil Procedure, a court "must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). "If the evidence reveals no disputed issues of material fact, what remains is a question of law, over which [this Court] exercises free review." *Krinitt*, 162 Idaho at 428, 398 P.3d at 161. We also exercise free review over legal issues related to statutes of limitation. *McCabe v. Craven*, 145 Idaho 954, 957, 188 P.3d 896, 899 (2008).

This Court applies the abuse of discretion standard when reviewing a district court's award of attorney fees, and the party appealing an award of statutory attorney fees bears the burden of demonstrating a clear abuse of that discretion. *Berkshire Invest., LLC v. Taylor*, 153 Idaho 73, 80, 278 P.3d 943, 950 (2012). This Court reviews an alleged abuse of discretion by determining whether the trial court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III. ANALYSIS

The parties agree that the applicable statute of limitations for each of the claims alleged in the Brays' complaint is two years.[2] Furthermore, the parties concur that the causes of action alleged in the Brays' complaint accrued no later than November 25, 2019—the date of Colby's death. Ordinarily, this would mean that the Brays' complaint needed to be filed in state court by November 25, 2021. However, because the Brays elected to first pursue their claims in federal court, the Brays did not file their state action until November 3, 2022, nearly three years after every cause of action had accrued. The Brays point to two statutory provisions that they argue tolled their time to file their complaint in state court: namely, Idaho Code section 5-234 and Chapter 28, section 1367(d) of the United States Code. Thus, to resolve this appeal, we must examine the effect of both statutes on the two-year statute of limitation.

### A. The district court correctly concluded Idaho Code section 5-234 did not act as a tolling provision for the Brays' state action.

The Brays argue that the district court erred in concluding that their claims were time barred. They assert that because the ITCA requires that they file a NOTC prior to bringing suit, this acts as a statutory prohibition under Idaho Code section 5-234 that tolls the time for initiating an action. The Brays contend that they had to wait for a denial of their NOTC before they could file their complaint. Thus, they contend that the 90 days they waited for a response should not count towards the two-year statute of limitations. We disagree.

Idaho Code section 5-234 provides:

> When the commencement of an action is stayed by injunction or statutory prohibition the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action.

Idaho law requires that a party suing a government entity or employee for acts or omissions arising within the course or scope of employment must first file a NOTC with the Secretary of State within 180 days from the date the claim arose. I.C. §§ 6-905, 6-910. If no response to the NOTC is received within 90 days after the filing, the claim is deemed denied. I.C. § 6-909. "If the claim is denied, a claimant may institute an action in the district court against the governmental entity or its employee in those circumstances where an action is permitted by this act." I.C. § 6-910.

---

[2] A wrongful death claim under Idaho Code section 6-903 must be brought "within two (2) years after the date the claim arose . . . ." I.C. § 6-911. Likewise, Idaho Code section 5-219(4) provides a two-year statute of limitations for the remaining common law negligence and section 1983 claims.

5

The Brays maintain that Idaho Code sections 6-910 and 5-234 should be read in concert. They argue that since section 6-910 provides that they could bring suit after their NOTC was denied, the NOTC acts as a statutory prohibition to the commencement of an action that, pursuant to section 5-234, tolled the two-year statute of limitations for up to 90 days. The Brays' position essentially asks us to slightly revise section 6-910 and add the word "only," so that it effectively reads as follows: "*Only* if the claim is denied, *may* a claimant institute an action in the district court against the governmental entity or its employee in those circumstances where an action is permitted by this act."

In support of their argument that Idaho Code section 6-910 operates as a statutory prohibition against filing a claim, the Brays point to this Court's opinion in *Curtis v. City of Ketchum*, 111 Idaho 27, 720 P. 2d 210 (1986). In *Curtis*, this Court noted that the district court found that "Curtis was barred from seeking relief under the Idaho Tort Claims Act because he failed to await the statutory 90-day time period before filing his suit as required by I.C. §§ 6-909 and 6-910." *Id.* at 30, 720 P.2d at 213. However, the Brays misconstrue this quote. The reference to being prohibited from initiating an action in the *Curtis* opinion was only a quote from the district court's findings of facts and conclusions of law. The reference was not germane to the holding of the case, where this Court affirmed the City of Ketchum's denials of various subdivision plat applications by Curtis.

Likewise, the Brays look to *Madsen v. Dept. of Health and Welfare*, 116 Idaho 758, 779 P.2d 433 (Ct. App. 1989) for further support. There, Madsen failed to file a NOTC with the Secretary of State before filing his complaint in court. IDHW moved to dismiss for lack of subject-matter jurisdiction. *Id.* at 759, 779 P.2d at 434. The district court granted IDHW's motion to dismiss, noting that

> even if the service of the summons or complaint on the attorney general might have sufficed as notice of a tort claim against the state, the code nevertheless precluded a plaintiff from instituting any action on a claim until the claim had been denied or until ninety days had elapsed from the date the claim was presented.

*Id.* at 760, 779 P.2d at 435. On appeal, the Court of Appeals affirmed, concluding that the district court lacked subject matter jurisdiction since Madsen had never filed a claim with the Secretary of State before instituting litigation. While *Madsen* is persuasive authority, it is not binding on this Court, and it has no application here. The holding in *Madsen* merely reiterates our previous holdings that a NOTC must be filed *prior to* initiating litigation. Thus, even if *Madsen* could be

read as adopting the district court's additional rationale theorizing that an action may not be instituted until a claim has been denied, it would still be dicta.

Because this issue involves statutory interpretation, this Court "exercises free review." *JK Homes, LLC v. Brizzee*, ___ Idaho ___, 554 P.3d 568, 570 (2024) (citations omitted). The Idaho legislature knows how to create a tolling provision, and there is no indication that it opted to create one here. For example, in Idaho Code section 6-1005, which deals with medical malpractice cases, the legislature explicitly included a provision that tolls the period during which a prehearing panel considers a pending claim as a precedent to initiating litigation. Section 6-1005 provides that "the applicable statute of limitations *shall be tolled* and not be deemed to run during the time that such a claim is pending before such a panel and for thirty (30) days thereafter." I.C. § 6-1005 (emphasis added). Had the legislature intended to create a similar tolling period for the NOTC requirement in section 6-905, it would have added similar language. Thus, section 5-234's reference to a "statutory prohibition" as a basis for "staying" an action is not triggered by the plain language of section 6-905 because it does not contain a prohibition against commencing an action any time after a NOTC is filed.

The legislature also included a provision in the ITCA itself that extends the time for a minor to file a claim under the ITCA. I.C. § 6-906A(1) ("[N]o person who is a minor shall be required to … file a claim … under this chapter until one hundred eighty (180) days after said person reaches the age of majority or six (6) years from the date the claim arose or should reasonably have been discovered . . . ."). Since the legislature was clearly aware of how to extend a statute of limitations in certain instances, and did not expressly do so for the types of claims at issue in this matter, the district court correctly concluded that section 5-234 did not toll the statute of limitations in this instance.

In sum, the ITCA requirement that a NOTC be filed as a prerequisite to being able to file a court action does not create a procedural bar to filing an action until a response is received. The 90-day consideration period does not act to shorten or extend the relevant statute of limitations set forth in Idaho Code section 6-911. For these reasons we conclude that the district court correctly ruled that the requirements for a NOTC imposed in the ITCA do not act together with section 5-234 to create a tolling period. Therefore, we affirm the district courts' grant of summary judgment on this issue.

**B. While the district court properly ruled that the time for filing suit against Meacham and the Individual Defendants had expired, it erred in concluding that U.S.C. section 1367(d) did not toll the time for the Brays to file their complaint against IDJC in state court.**

The Brays also argue that the district court erred in concluding that Chapter 28 U.S.C. section 1367(d) did not toll the time for filing their state law claims while their federal law claims were pending in federal court. Section 1367(d) allows a federal court to exercise "supplemental jurisdiction" over certain state law claims which arise from the same case or controversy as an action over which the federal court has original jurisdiction. *Noak v. Idaho Dept. of Correction*, 152 Idaho 305, 310, 271 P.3d 703, 708 (2012). As provided in the statute:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> . . . .
>
> (d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is *voluntarily dismissed* at the same time as or after the dismissal of the claim under subsection (a), *shall be tolled while the claim is pending and for a period of 30 days after it is dismissed* unless State law provides for a longer tolling period.

28 U.S.C. § 1367(d) (emphasis added). Thus, section 1367(d) tolls the period of limitations for supplemental state law claims while related claims are pending in federal court and for an additional 30 days after they are dismissed. Supplemental jurisdiction is at issue in this case because the Brays brought state causes of action in negligence and two claims based on federal law under 42 U.S.C. section 1983. The federal court had original jurisdiction over the section 1983 claims under its federal question jurisdiction. See *Gunn v. Minton*, 568 U.S. 251 (2013).

1. Section 1367(d)'s applicability to Meacham and the Individual Defendants.

Meacham, unlike IDJC and the Individual Defendants, conceded that under section 1367(d), the Brays' state law claims were tolled while they were before the federal court and for 30 days after they were dismissed. Where the parties disagree is the applicable date that the 30-day tolling provision began to run. Meacham maintains that the Brays' state law claims against him were tolled for 30 days (plus the additional one day that remained for the Brays to file their complaint under the original two-year statute of limitations) starting on August 9, 2022, the date

the federal court dismissed the claims against Meacham and the Individual Defendants without prejudice. Therefore, Meacham maintains that the Brays' complaint was untimely since it was not filed until November 3, 2022, which was 86 days after the federal court's dismissal order. The Brays contend that this reading frustrates the purposes of section 1367(d). Instead, the Brays contend that the 30-day tolling period should not begin to run until October 4, 2022, when the federal district court dismissed the *entire* action. If the Brays are correct and October 4, 2022, is the applicable commencement date, then the Brays' complaint filed on November 3, 2022, was filed exactly 30 days after dismissal of the federal action, and one day before the statute of limitations expired.

The parties point to no binding authority on this issue but direct this Court to the Nevada Supreme Court's decision in *Kim v. Dickinson Wright, PLLC*, 442 P.3d 1070 (Nev. 2019). In *Kim*, the Nevada Supreme Court highlighted section 1367(d)'s distinction between an "action" and a "claim" and concluded that the dismissal of a state-law claim heard under a federal court's supplemental jurisdiction is sufficient to end the federal tolling period. *Id.* at 1072. The Nevada Supreme Court went on to hold that:

> 28 U.S.C. § 1367(d) tolls the statute of limitations for a state-law *claim* filed in federal court under supplemental jurisdiction while the state-law claim is pending in federal court and for at least 30 days after the state-law claim's *dismissal*, regardless of the continuation or dismissal of other claims in that action.

*Id.* at 1075 (emphasis in original).

We conclude that the logic in *Kim* aligns with the plain language of section 1367(d); therefore, we adopt the same reasoning today. Section 1367(d) provides that "[t]he period of limitations for any *claim* asserted under subsection (a), … shall be tolled while the *claim* is pending and for a period of 30 days after it is dismissed." 28 U.S.C. § 1367(d) (emphasis added). Section 1367(d)'s repeated use of "claim" indicates that it does not toll the entire action, but exclusively the claim at issue. Here, the claims against Meacham and the Individual Defendants were dismissed on August 9, 2022, when the federal district court entered its Memorandum Decision and Order stating: "The claims against [Greene, Kress, Fullmer, Flitton, Peterson] and Kelly Meacham are DISMISSED WITHOUT PREJUDICE." (Capitalization in original). Therefore, section 1367(d)'s thirty-day tolling provision plus the one day remaining on the initial two-year statute of limitations required the Brays to file their claims against Meacham and the Individual Defendants by September 9, 2022. Having waited until November 3, 2022, to file their complaint

9

in state court, the district court properly concluded that the Brays' claims against Meacham and the Individual Defendants were time barred.

2.  Section 1367(d)'s applicability to Respondent IDJC.

IDJC concedes that the Brays' state action was initiated within 31 days of their voluntary dismissal of the federal action. However, it maintains that "applying the tolling provision contained in Section 1367 to this case would impinge on Idaho's sovereign right to be free of federal interference that is preserved by the Eleventh Amendment to the Constitution of the United States." The Eleventh Amendment bars suits against the State unless the State has waived its immunity. Below, the district court agreed with IDJC, concluding:

> To allow a Plaintiff to improperly bring a claim in Federal Court, a claim subject to dismissal on Eleventh Amendment grounds, and allow that plaintiff to later voluntarily dismiss that claim, recognizing the impropriety of their claim in Federal Court, and still take advantage of the tolling provision [in] 28 U.S.C. § 1376(d) [sic] would be a charade, and antithetical to the true purposes and policy of 28 U.S.C. 1376(d) [sic].

While these general concerns may be true, there is no indication that the Brays had an improper purpose here and, more importantly, this interpretation goes against a plain reading of section 1367(d).

The United States Supreme Court has held that 28 U.S.C. section 1367(d) does not apply as a tolling provision when a case has been dismissed on Eleventh Amendment grounds. *Raygor v. Regents of University of Minnesota*, 534 U.S. 533, 536 (2002). In *Raygor*, petitioners filed suit in federal district court alleging a federal cause of action under the Age Discrimination in Employment Act and a state law discrimination claim pursuant to the federal courts' supplemental jurisdiction under 28 U.S.C. § 1367. *Id.* The federal court dismissed the case based on Eleventh Amendment grounds, so the petitioners refiled their complaint in state court. The petitioners argued that the tolling provision of the supplemental jurisdiction statute applied because their state law claims were dismissed by the federal court without prejudice. The Minnesota Supreme Court disagreed, concluding that "application of section 1367(d) to toll the statute of limitations applicable to state law claims against an unconsenting state defendant first filed in federal court but then dismissed and brought in state court is an impermissible denigration of [respondent's] Eleventh Amendment immunity," and dismissed the claims. *Id.* at 539. The Supreme Court granted certiorari and later affirmed on the alternate ground that "the tolling provision does not apply to claims filed in federal court against nonconsenting States." *Id.* at 536. The court went on to hold

10

that, "[s]uch a reading would require a State to defend against a claim in state court that had never been filed in that court until some indeterminate time after the original limitations period had elapsed." *Id.* at 542. Therefore, the Supreme Court concluded that it would "not read § 1367(d) to apply to dismissals of claims against nonconsenting States dismissed on Eleventh amendment grounds." *Id.* at 546.

Likewise, we have held that 28 U.S.C. section 1367(d) does not apply as a tolling provision when a case has been dismissed pursuant to a stipulated dismissal. *Noak v. Idaho Dept. of Correction*, 152 Idaho 305, 271 P.3d 703 (2012). In that case, Noak was the principal physician at several IDOC facilities. In March of 2004, Noak was fired after there were allegations that he had battered an inmate. *Id.* at 308, 271 P.3d at 706. Noak filed suit in federal court on January 30, 2006, alleging various causes of action. *Id.* Noak stipulated to dismiss that action on November 16, 2006. Then, when Noak filed his claim in state court on December 15, 2006, IDOC raised the statute of limitations as a defense. *Id.* at 310, 271 P.3d at 708. Noak contended, and the district court agreed, that 28 U.S.C. section 1367(d) tolled the ITCA; thus, Noak's complaint was timely despite the cause of action accruing in March of 2004 and Noak not filing his district court complaint until December of 2006. *Id.* at 310, 271 P.3d at 708.

On appeal, this Court looked to *Raygor v. Regents of the University of Minnesota*. *Id.* at 311, 271 P.3d at 709. We noted that the "only real distinction between *Raygor* and this case is the manner in which the federal action was dismissed. In *Raygor*, the federal court dismissed the action on Eleventh Amendment grounds while these parties [in Noak's case] stipulated to dismissal of Noak's federal action." *Id.* Noak argued on appeal that the different ways the cases were dismissed were controlling, but this Court was not persuaded. Instead, we reasoned that:

> *Raygor* indicated that the tolling provision of Section 1367(d) did not apply in actions against states where dismissal was '*for reasons unmentioned by the statute*, such as dismissals on Eleventh Amendment grounds.' (Emphasis added). Section 1367(d) does not mention stipulated dismissals by nonconsenting state defendants.

*Id.* at 311-12, 271 P.3d at 709-10 (emphasis added). Because Congress had not clearly intended to infringe on a state's sovereign immunity in a situation like this, we held that 28 U.S.C. section 1367(d) did not toll the two-year statute of limitations and Noak's ITCA claims were untimely. *Id.* at 312, 271 P.3d at 710.

Unlike the cases noted above, this case was not dismissed by a district court on Eleventh Amendment grounds—it was a voluntary dismissal. Indeed, this was not a reason "unmentioned

11

by the statute" because "voluntary dismissal" is expressly listed among the "claim saving options" set forth in 28 U.S.C. section 1367(d). In *Sanders v. University of Idaho*, Sanders brought an action against the University of Idaho College of Law which included a claim under the Idaho Protection of Public Employees Act ("IPPEA"). 552 F.Supp.3d 991, 1024 (D. Idaho 2021). The IPPEA claim was subsequently dismissed on a summary judgment motion pursuant to Eleventh Amendment immunity grounds. *Id.* at 1218. When Sanders filed her IPPEA claim in state court, the University of Idaho filed a motion to dismiss based on the complaint being untimely under 28 U.S.C. section 1367(d). *Id.* Sanders subsequently filed a voluntary dismissal of her state court action and brought a motion for reconsideration before the federal district court to reevaluate its decision dismissing her IPPEA claim on Eleventh Amendment immunity grounds. *Id.* at 1218. Sanders argued that the University of Idaho had been tactical in waiting until after the IPPEA statute of limitations had run to raise their Eleventh Amendment immunity defense in order to prevent Sanders from having *any* day in court and, on that basis, Sanders asked for relief from a final judgment under Rule 60(b) based on fraud or misrepresentation. *Id.* The federal district court denied Sanders' request for relief, noting that she could have raised this argument in response to the defendant's motion for summary judgment. *Id.* at 1220. Alternatively, the court noted that Sanders "could have voluntarily dismissed the IPPEA claim and refiled in state court, instead of opposing its dismissal at summary judgment, and gained the benefit of [section] 1367(d)'s tolling provision. But she did not pursue either potentially claim-saving option." *Id.* Because Sanders pursued neither of these alternatives, the federal district court denied her motion for reconsideration.

Factually, *Raygor*, *Noak*, *Sanders*, and the Brays' cases are similar. In all four cases, plaintiffs filed their complaint in federal court first, and by the time the plaintiffs filed in state court, the applicable statute of limitations had run—subjecting them to summary dismissal absent a tolling period. What distinguishes these cases from the Brays' case is how each of the federal cases was dismissed. In *Raygor* and *Sanders*, the federal dismissal was based on Eleventh Amendment grounds. In *Noak*, it was a stipulated dismissal. Here, we have a voluntary dismissal accomplished prior to any ruling from the federal court. Thus, this case does not present a situation where the dismissal was based on Eleventh Amendment considerations concerning whether section 1367 would act to violate Idaho's sovereignty. The method of dismissal here—voluntary dismissal—is enumerated in the statute: "claim[s] in the same action that [are] voluntarily

dismissed … shall be tolled while the claim is pending and for a period of 30 days after it is dismissed . . . ." 28 U.S.C. § 1367(d).

Notwithstanding the expressly enumerated exception, relying on *Raygor* and *Noak*, the district court concluded that the tolling provision of 28 U.S.C. section 1367(d) did not apply to the facts of the Brays' case. While the district court acknowledged the different methods of dismissals in *Raygor*, *Noak*, and the present case, it posited that the Brays recognized their procedural dilemma should the federal court grant IDJC's motion to dismiss on Eleventh Amendment grounds and tactically entered a voluntary dismissal to protect against the possibility that their claims might be untimely. The district court hypothesized that the Brays stumbled upon the suggestion in *Sanders* and heeded its prompt to enter a voluntary dismissal to gain the benefit of section 1367(d)'s tolling provision. The district court concluded:

> This [c]ourt does not accept this to be a "claim-saving" option as alluded to in *Sanders*. It is counterintuitive and not plausible to this Court that a Plaintiff whose claims are dismissed on Eleventh Amendment grounds in Federal Court because they were brought against a nonconsenting State or state employee cannot take advantage of the tolling provisions outlined in 28 U.S.C. § 1367(d), but that a Plaintiff who sees the error of their ways before a final adjudication on the merits and voluntarily dismisses their Federal complaint would be allowed to take advantage of the tolling provision outlined in 28 U.S.C. § 1376(d) [sic]. **This cannot be the law or the correct and logical application of *Raygor* or the intent of Congress in enacting 28 U.S.C. § 1376(d) [sic].**

(Emphasis in original).

Regardless of the Brays' reasons for voluntarily dismissing their federal action when they did, and no matter how tactical those reasons may appear, section 1367(d) explicitly applies to voluntary dismissals—regardless of the motive. Here, there was a voluntary dismissal entered by the Brays and ordered by the federal district court without objection from IDJC. Notwithstanding the fact that it may have been motivated by an anticipated adverse ruling on Eleventh Amendment grounds, the question then is whether section 1367 should still function as a tolling provision in cases where a party effectively knows, or at least has a strong hunch, that their case is going to be dismissed on Eleventh Amendment grounds. To disallow application of the exception would require us to ignore the plain language of section 1367.

Unlike in *Raygor*, where the United States Supreme Court concluded that it could not read section 1367(d) to apply to dismissals of claims against nonconsenting states dismissed on Eleventh Amendment grounds, the Brays' argument does not ask this Court to read anything into

13

section 1367(d) that is not already expressly provided. And, unlike in *Noak*, where this Court found that Congress had not clearly intended to infringe on a state's sovereign immunity where a stipulated dismissal was entered, it is clear that Congress intended a voluntary dismissal to toll the period when the claim is pending in federal court and for an additional thirty days after. Regardless of the Brays' tactical use of a voluntary dismissal to benefit from section 1367(d), the plain language of the statute not only suggest such conduct is permissible, it seems destined to encourage such a maneuver. Had IDJC wanted to prevent this tolling, they could have objected to the Brays' voluntary dismissal in federal court and/or asked the district court for a ruling on their motion to dismiss on Eleventh Amendment grounds. IDJC did neither.

Because a plain reading of section 1367(d) extends the benefit of tolling to claims that are voluntarily dismissed, the district court erred in concluding that the statute of limitations for the Brays' state case was not tolled while it was still pending in federal court. Accordingly, we conclude that the Brays' claims against IDJC were tolled from November 24, 2021, until October 4, 2022. Thus, the Brays had 30 days to file their complaint in state court, plus the one day that was left on the original two-year statute of limitations. Thirty-one days after October 4, 2022, was November 4, 2022. Because the Brays filed their complaint against IDJC in state court on November 3, 2022, we conclude that it was timely pursuant to section 1367(d).

### C. Notwithstanding the determination that the Brays' state action against IDJC was timely, summary judgment was still appropriate on the alternative ground that IDJC is immune from Appellants' claims pursuant to Idaho Code section 6-904B(5).

IDJC maintains, in the alternative, that even if section 1367(d) somehow preserved the Brays' claims, they still have absolute immunity from the Brays' state law claims under Idaho Code section 6-904B(5). While IDJC raised this affirmative defense in its Answer, the district court failed to consider the issue because it granted summary judgment on the statute of limitations issue. Nevertheless, consistent with our de novo standard of review in summary judgment cases, this Court "will uphold the decision of a trial court if any alternative legal basis can be found to support it." *Hanf v. Syringa Realty Co. Inc* , 120 Idaho 364, 370, 816 P.2d 320, 326 (1991) (citations omitted).

Idaho Code section 6-904B sets forth the "exceptions to governmental liability" in the ITCA. Apropos to this case is subsection 5, which provides:

> A governmental entity and its employees while acting within the course and scope
> of their employment and without malice or criminal intent and without gross

negligence or reckless, willful and wanton conduct as defined in section 6-904C, Idaho Code, shall not be liable for any claim which:

…

> 5. Arises out of any act or omission providing or failing to provide medical care to a prisoner or person in the custody of any city, county or state jail, detention center or correctional facility.

I.C. § 6-904B(5). As we have previously stated, the language "without malice or criminal intent and without gross negligence or reckless, willful and wanton conduct," applies only to the employee, not the governmental entity. *Williamson v. Ada County*, 170 Idaho 204, 216, 509 P.3d 1133, 1145 (2022) (citing *Hoffer v. City of Boise*, 151 Idaho 400, 257 P.3d 1226 (2011)).

Our recent decision in *Williamson v. Ada County* is controlling here. Williamson, a prisoner in the Ada County Jail, fell from the upper bunk of his bed when he was requested to stand for roll call. 170 Idaho at 207, 509 P.3d at 1136. Williamson sued Ada County, alleging that Ada County was negligent in responding to the injuries he suffered. *Id.* Ada County filed a motion to dismiss. *Id.* at 209, 509 P.3d at 1138. The district court granted Ada County's motion, pointing to Idaho Code section 6-904B, which "explicitly exempts government actors from liability over medical decisions provided to a person in custody." *Id.* On appeal, this Court affirmed, holding that "Ada County is not 'liable for any claim which … [a]rises out of any act or omission providing or failing to provide medical care to a prisoner or person in the custody of any city, county or state jail, detention center or correctional facility.' " *Id.* at 216, 509 P.3d at 1145.

As an executive branch agency, IDJC is a governmental entity. The Brays acknowledge that Colby was in IDJC custody when he tragically died on November 25, 2019, from a medical condition that arose while he was housed at the JCC in St. Anthony. Therefore, akin to *Williamson*, under Idaho Code section 6-904B, IDJC is not "liable for any claim which … [a]rises out of any act or omission providing or failing to provide medical care to a prisoner." I.C. § 6-904B(5). The applicability of governmental immunity pursuant to Idaho Code section 6-904B(5) is clear cut. Indeed, the Brays failed to address either Idaho Code section 6-904B or *Williamson* in their reply brief on appeal, even though the issue was emphatically asserted in IDJC's Respondent's brief.

Therefore, while the district court erred in its analysis of section 1367(d)'s applicability to IDJC, we conclude that IDJC is still entitled to summary judgment as a matter of law. Thus, the district court's entry of summary judgment is upheld on the alternate ground that IDJC is immune

15

from the claims asserted by the Brays—negligence and wrongful death—pursuant to Idaho Code section 6-904B(5).

**D. The district court did not abuse its discretion by awarding attorney fees to Respondents below**

The Brays' final argument on appeal is that the district court erred when it awarded attorney fees to Respondents.[3] The district court found that "the positions advanced in support of both tolling theories were baseless under existing law"; therefore, it awarded attorney fees to IDJC and the Individual Defendants "pursuant to I.C. § 6-918A and 42 U.S.C. § 1988(b)."

Idaho Code section 6-918A provides:

> reasonable attorney fees may be awarded to the claimant, the governmental entity or the employee of such governmental entity, as costs, in actions under this act, upon petition therefor and a showing, by clear and convincing evidence, that the party against whom or which such award is sought was guilty of *bad faith* in the commencement, conduct, maintenance or defense of the action.

(Emphasis added). Although we have questioned the legal foundation for the arguments the Brays raised below and on appeal, we cannot conclude that clear and convincing evidence in the record supports a finding that they were "guilty" of "bad faith" in this matter.

The standard under 42 U.S.C. section 1988(b) is much lower; the statute provides that "[i]n any action or proceeding to enforce a provision of section [] … 1983 ... of this title … the court, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the cost . . . ." A trial court's determination as to the prevailing party in an action will not be disturbed absent an abuse of discretion. *Miller v. Board of Trustees*, 132 Idaho 244, 246–47, 970 P.2d 512, 514–515 (1998) (citations omitted) (applying abuse of discretion standard to section 1988 claim). According to the United States Supreme Court, section 1988 authorizes a court to award attorney fees to a defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833 (2011). Furthermore, the "presence of reasonable allegations" by a plaintiff does not immunize "against paying for the fees that his frivolous claims imposed." *Id*. at 834. Thus, section 1988 "permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claims." *Id.* at 836.

---

[3] Mecham did not seek attorney fees from the district court below.

Here, we conclude that the Brays have failed to demonstrate that the district court abused its discretion in granting attorney fees under 42 U.S.C. section 1988(b). While we cannot conclude that the Brays' action was prosecuted in bad faith, as required under Idaho Code section 6-918A for an award of attorney fees, the district court did not abuse its discretion when it concluded that the Brays' claims were frivolous and lacked legal foundation under 42 U.S.C. section 1988(b), especially considering IDJC's clear immunity under Idaho Code section 6-904B. Additionally, while the Brays correctly asserted that 28 U.S.C. section 1367(d) tolled the time their case was pending against IDJC in federal court, their claims against Meacham and the Individual Defendants were still untimely. Therefore, affording the district court's decision the deference it is entitled to under 42 U.S.C. section 1988(b), we conclude that there was no abuse of discretion and we affirm its award of attorney fees below.

### E. Attorney fees and costs on appeal

IDJC and the Individual Defendants request attorney fees on appeal under Idaho Code section 6-918A, and 42 U.S.C. section 1988(b). For the reasons stated above, we deny IDJC's request for attorney fees under Idaho Code section 6-918A. However, having concluded Respondents are the prevailing party on appeal, we award attorney fees on appeal to IDJC and the Individual Defendants under 42 U.S.C. section 1988(b).

Meacham requests attorney fees on appeal pursuant to Idaho Code section 12-121, which allows for a discretionary award of fees to the prevailing party "when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." Again, for the reasons explained above, we conclude that because this appeal was pursued unreasonably against Meacham based on an action that was brought well after the statute of limitations had expired, he is entitled to an award of fees.

Costs are awarded to Respondents as the prevailing parties pursuant to Idaho Appellate Rule 40(a).

### IV. CONCLUSION

For the foregoing reasons, we affirm the district court's conclusion that Idaho Code section 5-234 does not operate to toll a statute of limitations during the time between a plaintiff's filing of an NOTC and receipt of a denial of the NOTC. Likewise, we affirm the district court's ruling that even with the tolling provision in 28 U.S.C. section 1367(d) properly applied, the time for the Brays to file suit against Meacham and the Individual Defendants had expired. However, the

17

district court erred in its conclusion that section 1367(d) did not toll the time for the Brays to file their complaint against IDJC in state court. Nevertheless, because we conclude that IDJC is entitled to immunity under Idaho Code section 6-904B(5), we affirm the district court's entry of summary judgment in favor of IDJC on alternate grounds. Finally, we affirm the district court's award of attorney fees below and award costs and attorney fees to Respondents on appeal.

Chief Justice BEVAN, and Justices BRODY and MEYER and SIMPSON, J. Pro Tem CONCUR